## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

| | | |
|---|---|---|
| RASHELL L VAN EE | § | |
| | § | |
| | § | Case No. 1:26-cv-2014 |
| Plaintiff | § | |
| | § | |
| -v- | § | |
| | § | COMPLAINT |
| MCNEELY LAW GROUP, PC | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## INTRODUCTION

1. These claims are being made pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq. and the Michigan Regulation of Collection Practices Act (MRCPA), 445.251 et. seq.

## JURISDICTION AND PARTIES

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 ("federal question") for violations of the FDCPA and 28 U.S.C. § 1337 ("supplemental jurisdiction") for substantially related violations of the MRCPA.

3. Plaintiff Rashell L Van Ee (hereinafter "Van Ee") is a natural person who resides in Kent County, Michigan in the City of Grand Rapids.

4. Defendant McNeely Law Group, PC (hereinafter "McNeely") is a domestic professional corporation based in Rochester, Michigan.

5. On information and belief, McNeely regularly conducts business in numerous counties across the State of Michigan, including Kent County and has a registered agent address located at its primary office in Rochester, Michigan.

6. The wrongdoing alleged in this Complaint originated and continued in Kent County, Michigan.

7. Van Ee is a natural adult person and a consumer as defined in 15 U.S.C. § 1692a(3) and a "consumer" or "debtor" as defined in MCL 445.251(d).

8. One of McNeely's primary purposes is to collect debts, including consumer debts. It regularly places this disclosure on its correspondence and website: "This communication

1

is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

9.  McNeely is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) and a "regulated person" pursuant to MCL 445.251(g).

10. Venue is therefore appropriate in the United States District Court for the Western District of Michigan, Southern Division.

11. As the allegations of wrongdoing described below occurred less than a year ago, this Complaint is timely under both the FDCPA and MRCPA.

## GENERAL ALLEGATIONS

12. All documents referenced/cited from henceforth are already in the possession of McNeely and/or a matter of public record.

13. On or around January 3, 2018, McNeely filed a lawsuit on behalf of Oneain Financial Group, LLC ("Onemain") in the 61st District Court in Grand Rapids, Michigan. The case is styled *Onemain Financial Group, LLC v Rashell L Van Ee*, Case No 2018-GC-0000161.

14. The purpose of the lawsuit was to collect on a debt incurred by Van Ee when she took out a personal loan from to finance a vehicle. Van Ee subsequently defaulted on the loan.

15. On or around June 11, 2018, Van Ee was found to have defaulted in the lawsuit for failing to answer.

16. A judgment for approximately $11,711.96 was entered against Van Ee.

17. From that time forward, McNeely, acting as a third-party debt collector, pursued Van Ee's taxes, bank accounts, and wages through the usual garnishment procedures under the Michigan Court Rules.

18. The process was interrupted for a period in 2019 when Van Ee filed for Chapter 13 bankruptcy, but collections resumed in April 2025 after the Chapter 13 had closed.

19. Van Ee, who is employed at the Grandville Public Schools, began having her wages garnished during this time.

20. In April 2026, Van Ee had satisfied the judgment via garnishment, yet McNeely continued to garnish her wages.

21. On Apil 22, 2026, Van Ee engaged counsel to contact McNeely and demand they cease collecting from Van Ee. McNeely, through one of its employees, informed counsel they

2

would need a signed power of attorney, which counsel provided on the dame day.

22. In addition to the over-garnishments, McNeely made no effort to file a satisfaction of judgment with the 61st District Court nor properly inform Grandville Public Schools that the judgment had been satisfied.

23. Despite this contact, McNeely waited another month to file a satisfaction of judgment.

24. The approximate amount of the over-garnishment was $3,000.00.

25. Despite a tepid attempt to refund some of the over-garnishment, as of the date of this filing, not all funds have been returned.

26. Due to the over-garnishment, Van Ee suffered financial hardship, economic loss, stress, worry, and concern.

## COUNT I: FDCPA

27. Van Ee incorporates all other paragraphs by reference.

28. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692a & 1692b.

29. Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices . . . and to insure that . . . [debt collectors] who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle*, 559 U.S. 573 (2010) (internal quotes omitted).

30. The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 503 F.3d 159, 165 (3rd Cir. 2007) (internal citations omitted).

31. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d. 337, 345 (3r Cir. 2004).

32. A debt collector's conduct is judged from the standpoint of the "least sophisticated consumer." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 n.1 (3rd Cir. 2006). In this way, "the FDPCA protects all consumers, the gullible as well as the shrewd." *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

3

33. "[T]he FDCPA is extraordinarily broad, crafted in response to what Congress perceived to be a widespread problem." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotation marks omitted).

34. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3rd Cir. 2014).

35. "The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent and does not have to have suffered actual damages." *Stratton v. Portfolio Recovery Assocs*., LLC, 770 F.3d 443, 448-49 (6th Cir. 2014).

36. "Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief." *Id*. (citation omitted).

37. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8).

38. In addition, the FDCPA protects consumers from being sued in the wrong venue by requiring a collection suit to be brought in the district "in which such consumer resides at the commencement of the action." 15 U.S.C. §§ 1692i(a)(2)(B).

39. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D*., 410 U.S. 614, 617 n.3 (1973).

40. In addition to economic damages, actual damages are recoverable for emotional distress. "[V]iolations of the FDCPA, by their very nature, are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance." *Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D. Pa. 1988) *aff'd* 868 F.2d 566 (3rd Cir. 1989).

41. A consumer can recover "damages for personal humiliation, embarrassment, mental anguish, and emotional distress." *Statements of General Policy or Interpretation on the Fair Debt Collection Practices Act*, 53 FR 50097-02, 50109. Such damages can include recovery for "anxiety, nervousness, worry, and fear." *Armbruster v. Hecker*, 2010 WL 1543599 (M.D. Pa. Apr. 22, 2010).

4

42. "Congress did not limit the recovery of actual damages for emotional distress under the FDCPA . . . to those damages a plaintiff could have recovered under state law in a separate tort action for intentional or negligent infliction of emotional distress." *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991).

43. By its actions as set forth *supra* relating to its attempt to collect a debt by over-garnishing Van Ee and then failing to file proper notices satisfying the judgment and terminating the garnishments, McNeely has violated 15 U.S.C. § 1692e ("False or Misleading Representations") generally and subsections 2(A) ("The false representation of . . . the character, amount, or legal status of any debt") and 10 ("The use of any false representation or deceptive means to collect or attempt to collect any debt") in particular.

44. By its actions as set forth *supra* relating to it over-garnishing Van Ee and then failing to file proper notices satisfying the judgment and terminating the garnishments, and also continuing to collect and retaining funds after it had notice of the over-garnishment, McNeely has violated 15 U.S.C. § 1692f ("Unfair Practices") generally by "us[ing] unfair or unconscionable means to collect or attempt to collect any debt" against Van Ee.

45. As a result of McNeely's multitudinous violations of the FDCPA, and in particular its false, misleading, and deceptive behavior, Van Ee has been injured economically, mentally, and emotionally for the reasons stated *supra*.

46. Due to the willfulness of McNeely's violations, Van Ee should be entitled to actual damages or, at the very least, statutory damages plus costs and reasonable attorney fees. *See* 15 U.S.C. § 1692k(a).

## COUNT II: MRCPA

47. Van Ee incorporates all other paragraphs by reference.

48. By their actions, McNeely has violated MCL 445.252 ("Prohibited acts") generally and subsections (a) ("Communicating with a debtor in a misleading or deceptive manner"), (f)(i) ("Misrepresenting . . . [t]he legal status of a legal action being taken or threatened"), (f)(ii) ("Misrepresenting . . . [t]he legal rights of the . . . debtor"), and (q) ("Failing to implement a procedure designed to prevent a violation by an employee").

49. As a result of McNeely's multitudinous violations of the MRCPA, and in particular its false, misleading, and deceptive behavior, Van Ee has been injured economically, mentally, and emotionally for the reasons set forth *supra*.

50. Due to the willfulness of McNeely's violation, "the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action." *See* MCL 445.257(2).

**TRIAL BY JURY**

51. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

52. Due to all of the aforementioned violations of federal and state law, Van Ee respectfully request this District Court to grant her the following relief:

   a. Actual damages or statutory damages, whichever is greater, for violations of the FDCPA;

   b. All costs and reasonable attorney fees pursuant to the FDCPA;

   c. Treble actual damages or statutory damages, whichever is greater, for violations of the MRCPA;

   d. All costs and reasonable attorney fees pursuant to the MRCPA;

   e. All appropriate equitable relief.

| Dated: July 7, 2026 | Respectfully submitted: |
|---|---|
| | __/s/_____ |
| | *Gabriel S. Sanchez* (P71261) |
| | Clipeus Law, PLLC |
| | 703 3 Mile Rd NW |
| | Grand Rapids, MI 49544 |
| | 616-888-1894 |
| | gsanchez@clipeus-law.com |

6